```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ISAAC GREEN and ARNEAL GREEN;
ELIZABETH LIGGON and JEROME LIGGON;
CATHY GREEN and AL GREEN; JASON
ROBINSON; YVONNE GREEN and AARON
GREEN; MARK GREEN; STACY GREEN and
ANTHONY GREEN; THEODORA LIGGON and
GREGORY LIGGON; and MICHELLE BLOXON,

                    Plaintiffs,
                                              MEMORANDUM & ORDER
       -against-                              17-CV-2566(JS)(AYS)

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing Co., TYCO FIRE
PRODUCTS L.P., successor-in-interest
to The Ansul Company, ANGUS FIRE,
NATIONAL FOAM, BUCKEYE FIRE
PROTECTION CO., CHEMGUARD, and
COUNTY OF SUFFOLK,

                    Defendants.
----------------------------------------X
SEYBERT, District Judge:
```

Pending before the Court are: (1) Plaintiffs' May 18, 2017 motion to remand this action to state court (Pl.s' Mot., Docket Entry 21); and (2) Magistrate Judge Anne Y. Shields' Report and Recommendation ("R&R") recommending that the Court deny Plaintiffs' motion without prejudice to renewal. (R&R, Docket Entry 34, at 1-2.) For the following reasons, the Court ADOPTS Judge Shields' R&R in its entirety.

BACKGROUND

This action was commenced on March 27, 2017 in the Supreme Court of the State of New York, County of Suffolk, and was

removed to this Court on April 28, 2017 pursuant to the class action provisions of the diversity of citizenship statute, 28 U.S.C. § 1332(d) (the "Class Action Fairness Act" or "CAFA"). (Notice of Removal, Docket Entry 1, at 1.) On May 18, 2017, Plaintiffs, who commenced this matter as a class action on behalf of themselves and those similarly situated, filed a motion to remand this action to state court. (Pl.s' Mot. at 1; R&R at 2.) On October 13, 2017, this Court referred Plaintiffs' motion to Judge Shields for a report and recommendation on whether it should be granted. (Referral Order, Docket Entry 30.)

## THE R&R

Judge Shields issued her R&R on November 20, 2017, recommending that the Court deny Plaintiffs' motion to remand without prejudice to renewal after the completion of certain discovery. (R&R at 1-2.) Judge Shields analyzed the relevant provisions of the Class Action Fairness Act, under which this matter was removed and also under which Plaintiffs move for remand. (R&R at 6-7.) She noted that "a decision as to whether mandatory or discretionary CAFA remand is proper depends, at least in part, on the issue of the citizenship of all members of the plaintiff class." (R&R at 9.) Judge Shields found that Plaintiffs have not shown, by a preponderance of the evidence, that the requisite number of members of the Plaintiff classes are citizens of the State of New York such that remand is warranted under CAFA. (R&R

at 9-11.) Therefore, Judge Shields recommended that "the motion [to remand] be denied without prejudice to renewal after the parties engage in an initial tier of discovery targeted to identification of the citizenship of the members of the Plaintiff classes" and "that such discovery begin promptly after entry of the District Court's final decision as to [the R&R], and be complete within 90 days thereafter." (R&R at 12.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Shields' R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

For the foregoing reasons, Judge Shields' R&R (Docket Entry 34) is ADOPTED in its entirety. Plaintiffs' motion to remand (Docket Entry 21) is DENIED without prejudice to renewal after the parties conduct limited discovery. To that end, the parties are directed to engage in discovery targeted towards identification of the citizenship of the members of the Plaintiff classes, and to complete that discovery within ninety (90) days of the date of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  12 , 2018
       Central Islip, New York